UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED

JUL 15 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

JAMES M. KINCAID and
ESTRELLA A. KINCAID,

    Debtor(s).

Case No. 05-21390-B-7

D.C. No. EAK-1

Date:  July 15, 2005
Time:  10:00 a.m.
Place: U.S. Bankruptcy Court
      U.S. Courthouse,
      501 I Street, 6th Floor
      Courtroom 33
      Sacramento CA 95814

**MEMORANDUM DECISION**

On July 7, 2005, debtor Estrella A. Kincaid ("E. Kincaid") filed a document entitled "Emergency Motion for Stay of Order Pending Appeal" (the "Motion"). She originally attempted to set the Motion for hearing on the court's July 12, 2005 chapter 13 calendar where she had a matter pending from a prior bankruptcy case. The court declined to calendar the Motion on four days notice and instead set the Motion for hearing on shortened time at the date and time noted above. Appearances were noted on the record. For the reasons set forth herein, the Motion is denied.

The docket for this case is not a model of clarity. On its face, the Motion appears to seek a stay pending appeal of Judge McKeag's May 2, 2005 order (Docket 87). The May 2 order refused to hear E. Kincaid's April 28, 2005 motion for reconsideration of Judge

McKeag's March 14, 2005 order converting the present case from Chapter 13 to Chapter 7 (Docket 35). Judge McKeag's rationale is detailed in the May 2 order. E. Kincaid's husband, James M. Kincaid ("J. Kincaid") had filed his own motion for reconsideration on March 24, 2005. J. Kincaid's motion was heard April 27, 2005 and was denied.

Wymer v. Wymer (In re Wymer), 5 B.R. 802, 804 (9th Cir. BAP 1980) sets forth the required elements for obtaining a stay pending appeal. "1. Appellant is likely to succeed on the merits of the appeal. 2. Appellant will suffer irreparable injury. 3. No substantial harm will come to appellee. 4. The stay will do no harm to the public interest." Id.

<u>E. Kincaid has shown no likelihood of success on the merits</u>.

If E. Kincaid's April 28, 2005 motion is taken at face value, it is a motion to reconsider the March 14, 2005 order and it was filed forty-five days after entry of that order. Motions for reconsideration are treated as motions to alter or amend a judgment under F.R.Civ.P. 59. Such motions must be filed within ten days after entry of the judgment. J. Kincaid's motion for reconsideration was timely filed on March 24, 2005. E. Kincaid's motion for reconsideration was not timely.

If the April 28, 2005 motion is treated as a motion for reconsideration of the April 27, 2005 denial of J. Kincaid's motion for reconsideration, E. Kincaid has not shown how she can seek reconsideration of someone else's motion or why the court is required to hear a motion to reconsider the denial of a motion for reconsideration. At some point, the trial court's ruling must be

final, and a dissatisfied party must seek relief from an appellate court.

<u>E. Kincaid has not shown that she will suffer irreparable harm if the motion is denied</u>.

E. Kincaid will lose her home if the sale approved by the court in the order entered July 12, 2005 goes forward, but she and her husband will receive their homestead exemption from the proceeds. They have claimed a $150,000 exemption, and the Chapter 7 trustee has not objected to that exemption (although she has indicated the possibility of seeking to surcharge the exemption). Homes are frequently sold in Chapter 7 cases. When that happens, the debtor gets her exemption amount and must find other housing. E. Kincaid's claims that she cannot live anywhere else are not persuasive.

Furthermore, E. Kincaid will receive, subject to any surcharge approved by the court, all to which she is entitled when her home is sold. The "'homestead exemption' in California is merely a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment; it is not an absolute right to retain the homestead itself." <u>In re Reed</u>, 940 F.2d 1317, 1321 (9th Cir. 1991). It may be inconvenient and unpleasant to move, but it does not amount to irreparable harm.

<u>A stay will cause harm to other parties</u>.

The court agrees with the finding of the Bankruptcy Appellate Panel in its order filed February 7, 2005 in appeal EC-04-1513 - after three years of bankruptcy proceedings, further delays cause hardship to other parties. The level of harm to the respondents may be less severe than that to E. Kincaid. Nevertheless, E. Kincaid


"must show at least some chance of success on the merits" in order to overcome the harm to others. <u>Wilson v. Watt</u>, 703 F.2d 395, 399 (9th Cir. 1983). Here, E. Kincaid has shown no likelihood of success on the merits of her appeal of the May 2, 2005 order.

<u>A stay will harm the public interest</u>.

 Court proceedings must move forward. E. Kincaid is attempting to utilize her appeal of one order within a case to halt all activity within the case. This is not a proper use of the judicial system.

 In an overall sense, E. Kincaid really seeks to accomplish something very specific - she wants to stop the sale of her home. Much of her argument at the hearing on the Motion was directed to that goal and her contention that this court lacked jurisdiction to sell her home because of the pendency of an appeal of the order converting her case from chapter 13 to chapter 7.

 The court agrees with the arguments raised at oral argument that the three appeals pending in the Ninth Circuit Court of Appeals are less or not at all relevant to this jurisdictional argument. If the order dismissing the prior bankruptcy case (No. 01-22358) is reversed, for example, the effect will be to reinstate that case. However, there is nothing in the Bankruptcy Code (and the court is aware of no other binding authority) that prevents the pendency of more than one bankruptcy case for a debtor or joint debtors. The Kincaids voluntarily filed this third bankruptcy case after the prior case was dismissed and after that dismissal had been appealed to the Bankruptcy Appellate Panel. The case was subsequently converted against the will of debtors to chapter 7, but that did not

affect whatever jurisdiction the court had over the debtors, their assets, and their creditors when the case was filed.

In re Padilla, 222 F.3d 1184 (9th Cir. 2000), upon which E. Kincaid solely relies for her jurisdiction argument, is of no assistance to her. Padilla involved a motion by the United States Trustee ("UST") to dismiss a chapter 7 case under 11 U.S.C. § 707(b). The bankruptcy court granted the UST motion and dismissed the case. The debtor appealed to the Bankruptcy Appellate Panel ("BAP"). The BAP reversed and remanded. The UST appealed to the Ninth Circuit. While the appeal to the Ninth Circuit was pending, the bankruptcy court resumed administration of the bankruptcy case, and the debtor received a discharge. The debtor then claimed that the Ninth Circuit appeal was moot. The court of appeals held that the appeal was not moot because the bankruptcy court lacked jurisdiction to resume administration of the bankruptcy case while the Ninth Circuit appeal was pending, and the discharge order was therefore null and void. 222 F.3d at 1190.

The Padilla situation is exactly the opposite of the present situation. In Padilla, the bankruptcy court chose to act in a manner contrary to its original order while that order was on appeal to the Ninth Circuit. Here, the administration of the present chapter 7 case is pursuant to and consistent with the order of conversion that is on appeal. This situation is governed by the rule recognized, but inapplicable, in Padilla:

> Absent a stay or supersedeas, the trial court also retains
> jurisdiction to implement or enforce the judgment or order
> but may not alter or expand upon the judgment.

- 5 -

222 F.3d at 1190. The administration of the chapter 7 case does not alter or expand on the order of conversion, and no stay or supersedeas has been obtained despite several requests to different courts. Therefore, movant's jurisdiction argument lacks merit.

For the reasons set forth above, the Motion is denied. The court will issue a separate order consistent with the foregoing decision.

Dated: JUL 15 2005

Thomas C. Holman
United States Bankruptcy Judge

- 6 -

**CERTIFICATE OF MAILING**

I, _____, in the performance of my duties as Deputy Clerk to the Honorable Thomas C. Holman, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Estrella A. Kincaid
805 F Street
Sacramento CA 95814

James M. Kincaid
805 F Street
Sacramento CA 95814

Louis J. Perkins, Esq.
3353 Bradshaw Rd., Ste 232
Sacramento CA 95827

Susan K. Smith
Chapter 7 trustee
7485 Rush River Dr., Ste 710-218
Sacramento CA 95831

J. Russell Cunningham, Esq.
Desmond Nolan Livaich & Cunningham
1830 15th Street
Sacramento CA 95814

Robert Craig Iseley, Esq.
9616 Micron Ave., Ste. 700
Sacramento CA 95827

Fred W. Kaiser, Esq.
865 University Ave.
Sacramento CA 95825

United States Trustee
1130 O Street, Room 1110
Fresno CA 93721

DATE: JUL 18 2005

_____
Deputy Clerk
R. Lopez