⑤

```
                                      FILED
                                   JUL 17 2006
                            UNITED STATES BANKRUPTCY COURT
                            EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re: )
                      )
                      ) Case No. 05-21390-B-7

ESTRELLA A. KINCAID and )
JAMES M. KINCAID, )
                      )
          Debtors. ) D.C. No. JPG-1
                      )
_____)

**MEMORANDUM DECISION**

    The debtors have not specified the exact order they ask the court to reconsider. Nevertheless, the debtors described the minute order found at Docket No. 487, which also shares the Docket Control Number of this motion, DC No. JPG-1. Thus, the court treats the instant motion as seeking reconsideration of the order at Docket No. 487 ("Order").

    At the hearing on this matter and the companion matter, debtor Estrella Kincaid made a motion to continue this hearing. For the reasons stated on the record, that motion is denied. For the reasons explained in this Memorandum Decision, the debtors' motion to reconsider an order granting a second amendment to an order approving a compromise, pursuant to Fed. R. Civ. P. 59 and 60, made

522

applicable to this court by Fed. R. Bankr. P. 9023 and 9024[1], is denied.

This matter came on for hearing on June 20, 2006, at 9:30 a.m. Appearances are noted on the record. This is a core proceeding and the Court has jurisdiction over this matter. 28 U.S.C. §§ 1334 and 157. The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

Neither the respondent within the time for opposition nor the movant within the time for reply filed a separate statement identifying each disputed material factual issue relating to the motion. Accordingly, both movant and respondent consented to the resolution of the motion and all disputed material factual issues pursuant to FRCivP 43(e). LBR 9014-1(f)(1)(ii) and (iii).

## ANALYSIS

The Order allowed two of the parties to a compromise to amend an order approving their compromise agreement by attaching an exhibit of names to the agreement. The motion approving the compromise was known as Docket Control No. DNL-8. Permitting attachment of this exhibit was the second amendment to the order approving the compromise agreement. The court notes that the Order directed the moving attorney, Julia Gibbs, to submit a second amended order approving the compromise that attached a complete copy of the agreement, including the missing exhibit of names.

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §101 et seq., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

- 2 -

(Dkt. No. 477). At this time, Attorney Gibbs has not submitted a second amended order granting the motion to approve a compromise.

The compromise was a resolution of a dispute between the trustee and creditors holding a security interest in real property, located in Sacramento, California, which was sold pursuant to a court-approved sale. The second revision was necessary to identify parties to the compromise that the parties contemplated at the time they consented to the agreement. (Dkt. No. 477). The exhibit of the list of names was attached to the compromise agreement in the original moving papers.

The debtors have not provided any legal or factual basis to reconsider the Order. In fact, the motion (Dkt. No. 495) is a single paragraph, devoid of legal analysis or evidentiary support.

The court notes that the trustee's opposition (Dkt. No. 514), is incorrect. It does not appear that the Order is encompassed in the district court appeal, known as Case No. 2:06-cv-0855-WBS. That appeal pertains to orders relating to the court's finding of a good faith purchaser for the court-approved sale of the real property, located in Sacramento, California. As stated above, the Order pertains to the allowance of a second amendment to an order approving a compromise with the creditors holding a security interest in the Sacramento real property.

If the Order was impacted by the appeal, this court would have lacked the jurisdiction to resolve this motion. <u>Neary v. Padilla (In re Padilla)</u>, 222 F.3d 1184 (9th Cir. 2000). Thus, whether the court has jurisdiction or not, the motion is denied.

CONCLUSION

The debtors have failed to carry their burden of proof that the court should reconsider the Order. For the above reasons, the motion is denied. The court will issue a separate order consistent with the foregoing decision.

Dated: JUL 17 2006

THOMAS C. HOLMAN
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF MAILING

I, _____, in the performance of my duties as Deputy Clerk to the Honorable Thomas C. Holman, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Estrella A. Kincaid
James M. Kincaid
805 F Street
Sacramento CA 95814

Estrella A. Kincaid
James M. Kincaid
P.O. Box 584
Sacramento CA 95812

Susan Smith
Chapter 7 trustee
7485 Rush River Dr., Ste 710-218
Sacramento CA 95831

J. Russell Cunningham, Esq.
Desmond Nolan, Livaich & Cunningham
1830 15th Street
Sacramento CA 95814

Office of the U.S. trustee
U.S. Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

DATE: 7/14/06

Deputy Clerk
R. Lopez