(12)

FILED

JUN 12 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2          UNITED STATES BANKRUPTCY COURT

3          EASTERN DISTRICT OF CALIFORNIA

4          SACRAMENTO DIVISION

5

6  In re:                          )
                                   )
7                                  )   Case No. 05-21390-B-7
   ESTRELLA A. KINCAID and         )
8  JAMES M. KINCAID,               )
                                   )
9             Debtors.             )   D.C. No. None
                                   )
10                                 )
                                   )
11 ————————————————————————————————)

12              MEMORANDUM DECISION

13

14      By this motion the debtors seek reconsideration of the court's

15 January 30, 2007 order (Dkt. 597) denying the debtors' motion to

16 remove the chapter 7 trustee, Susan Smith ("Smith") and her

17 counsel, Russell Cunningham ("Cunningham") from this case.  This

18 matter came on for final hearing on April 17, 2007, at 9:30 a.m.

19 Appearances are noted on the record.  The following constitutes the

20 court's findings of fact and conclusions of law, pursuant to

21 Federal Rule of Bankruptcy Procedure 7052.

22      Neither the respondent within the time for opposition nor the

23 movant within the time for reply has filed a separate statement

24 identifying each disputed material factual issue relating to the

25 motion.  Accordingly, both movant and respondent have consented to

26 the resolution of the motion and all disputed material factual

27 issues pursuant to FRCivP 43(e).  LBR 9014-1(f)(1)(ii) and (iii).

28                          - 1 -

678

1    The motion is denied.

2    As an initial matter, the court notes that the motion violates

3    Local Bankruptcy Rule ("LBR") 9014-1(c)(1).  The debtors have not

4    assigned a docket control number to this motion.  "In motions filed

5    in the bankruptcy case, a Docket Control Number (designated as a DC

6    No.) shall be included by all parties immediately below the case

7    number on all pleadings and other documents, including proofs of

8    service, filed in support of or opposition to motion."  LBR 9014-

9    1(c)(1).  The use of docket control numbers is particularly

10   important in this case, where the docket now exceeds 630 entries.

11   In addition, the debtors have filed their motion and exhibits

12   together as a single document in violation of LBR 9014-1(d)(1) and

13   the Revised Guidelines for Preparation of Documents.  These

14   documents should be filed separately.  Despite these defects,

15   however, the court addresses the merits of the motion.

16

17                              **ANALYSIS**

18   The debtors seek relief from the January 30, 2007 order on the

19   theory that in reaching its ruling on the debtors' motion, the

20   court failed to consider three things:  (1) a change in controlling

21   law since the court entered the January 30, 2007 order, (2)

22   material facts presented to the court before it rendered its

23   decision and before it entered the January 30, 2007 order, and (3)

24   new material facts that have emerged since the court entered the

25   January 30, 2007 order.  The debtors assert that if the court had

26   considered these things, it would have granted the motion to remove

27   the trustee.

28                              - 2 -

1    The debtors do not explicitly address the standards for

2 reconsideration either under Federal Rule of Bankruptcy Procedure

3 9023 incorporating Federal Rule of Civil Procedure 59 or Federal

4 Rule of Bankruptcy Procedure 9024 incorporating Federal Rule of

5 Civil Procedure 60.   In this case, the debtors filed the motion for

6 reconsideration within ten days after entry of the January 30, 2007

7 order, and the standard for relief under Rule 59(a) applies.   Under

8 Rule 59, reconsideration of a prior order is justified under the

9 following circumstances:   (1) there is an intervening change in

10 controlling law, (2) the court is presented with newly discovered

11 evidence, or (3) the court committed clear error or the initial

12 decision was manifestly unjust.   <u>Nunes v. Ashcroft</u>, 375 F.3d 805,

13 806-07 (9th Cir. 2004).   In applying the debtors' arguments to these

14 standards, the court finds that vacating the January 30, 2007 order

15 is not justified.

16

17                    <u>Intervening Change in Controlling Law</u>

18    The debtors argue that a recent decision of the United States

19 District Court for the Eastern District of California in <u>Kincaid v.</u>

20 <u>Fresno</u>, 06-CV-1445, 2006 WL 3542732 (E.D. Cal 2006) represents an

21 intervening change in controlling law that justifies

22 reconsideration of the January 30, 2007 order.   <u>Kincaid</u> addressed

23 the Fourth and Fourteenth Amendment rights of homeless persons in

24 connection with seizures of personal property by the City of

25 Fresno, California.   The <u>Kincaid</u> court held that the city's routine

26 seizure and destruction of the property of homeless persons without

27 giving adequate written notice were violations of the Fourth and

28                              - 3 -

1 Fourteenth Amendments.  The debtors seek to draw factual parallels
2 between their case and <u>Kincaid</u>.  *They allege that Smith's removal
3 of certain items of personal property from real property of the
4 bankruptcy estate in Penryn, California was a violation of their
5 constitutional rights because Smith failed to give them written
6 notice before removing, and, the debtors allege, destroying their
7 property.
8      Even though the <u>Kincaid</u> decision was reached on December 8,
9 2006, after the debtors filed their motion for removal of the
10 trustee, it does not represent a change in the law controlling this
11 case.  Neither <u>Kincaid</u> nor the other case the debtors cite,
12 <u>Pottinger v. City of Miami</u>, 810 F. Supp., 1551, 1573 (S.D. Fla.
13 1992) is applicable to this motion.  The debtors have not shown
14 that the trustee violated either their Fourth or Fourteenth
15 Amendment rights.  The personal property removed from the Penryn
16 property was property of the bankruptcy estate; the items listed in
17 the motion for reconsideration do not appear on the debtors'
18 schedules and they do not appear on the debtors' list of claimed
19 exemptions.  Smith removed personal property from the Penryn
20 property for the purpose of preparing the latter for sale, but she
21 did so only after filing a motion with the court, giving notice to
22 the debtors, and receiving permission from the court.  <u>See</u> D.C. No.
23 DNL-9.  The debtors' Fourth and Fourteenth Amendment rights were
24 not violated in this case; they have shown no evidence of an
25 unreasonable search and seizure or of a deprivation of their right
26 to due process.  Therefore, the authority cited by the debtors is
27 not an intervening change in controlling law justifying
28                              - 4 -

1  reconsideration of the court's prior order.

2            *        *

3                Newly Discovered Evidence

4       The debtors also assert that they have discovered new evidence

5  that justifies reconsideration of the January 30, 2007 order.  They

6  allege that Larry Odbert ("Odbert"), the settlor and trustee of a

7  trust that purchased another parcel of real property from the

8  bankruptcy estate, owes two million dollars in back taxes to the

9  federal government.  They also allege that because Cunningham's law

10 firm assisted Odbert in establishing the trust several years before

11 this case was filed, a connection that was disclosed to the court

12 prior to the sale, Smith and Cunningham have aided Mr. Odbert in

13 committing the crime of tax evasion.  The debtors assert that this

14 is improper conduct that justifies reconsideration and removal of

15 the trustee.  The debtors argue that this is newly discovered

16 evidence because they set forth the allegation of tax evasion for

17 the first time in a late-filed pleading the morning of the hearing

18 on the motion to remove the trustee.  They have raised the

19 allegation again because they argue that the court did not consider

20 the allegation in reaching its ruling on the removal motion.

21      However, the fact that the debtors set forth the allegation of

22 tax evasion for the first time in a late filed pleading, and the

23 fact that the court declined to consider the allegation in reaching

24 its ruling does not satisfy the standard for newly discovered

25 evidence justifying reconsideration of a prior order.  "To

26 establish that a district court abused its discretion in denying

27 such a motion based on newly discovered evidence, the movant must

28                        - 5 -

show that: '(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the  newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case.'" <u>Far Out Productions, Inc. v. Oskar</u>, 247 F.3d 986, 992-93 (9th Cir. 2001)(quoting <u>Defenders of Wildlife v. Bernal</u>, 204 F.3d 928, 929 (9th Cir. 2000)). The debtors satisfy none of these three elements.  They have not shown that the evidence was discovered only after the hearing, they have not shown that an exercise of due diligence would not have resulted in its earlier discovery and they have not shown that the evidence is of such magnitude that its earlier production would have changed the outcome of the ruling on their motion to remove the trustee.

Indeed, the debtors have not presented any competent evidence of tax evasion at all.  They have simply made an allegation that Odbert owes money to the federal government, an allegation which they have made previously.  <u>See</u> Dkt. No. 418 at 17.  The debtors' allegation of tax evasion is apparently founded on nothing more than hearsay evidence and the debtors' argument that the court can infer that Odbert has committed the crime from the debtors' various statements regarding Odbert's purchase of property of the bankrutpcy estate on behalf of the C & J Family Trust, his attempts to take possession of the property, his relationship with the trust, his alleged prior arrests, and the alleged money he owes in back taxes.  The court will not infer that Odbert has committed a serious crime based on these allegations.  Nor will the court infer

- 6 -

1  that the trustee or her counsel aided Odbert in committing an

2  alleged crime simply because Odbert negotiated the purchase of real

3  property from the bankruptcy estate on behalf of the trust.

4

5                    Clear Error/Manifest Injustice

6       The debtors also argue that the court should reconsider the

7  January 30, 2007 order because the court failed to "address . . .

8  the fact of destruction of Kincaid's personal belongings."  (Dkt.

9  No. 626 at 5).  They also seek to re-raise their earlier allegation

10  that Cunningham has committed a fraud on the court because he

11  misrepresented the identity of the purchaser of the real property

12  at 805 F Street in Sacramento, implying that the court previously

13  failed to address the allegation.  (Dkt. no. 606 at 5).

14       The court has previously considered both of these claims and

15  found them to be without merit.  With respect to the allegations

16  that Cunningham has committed fraud or has otherwise concealed

17  information from or misrepresented facts to the court, the court

18  considered these allegations in ruling on the motion to remove the

19  trustee, but did not find them credible or persuasive.  (See  Dkt.

20  No. 595 at 6.)

21       With respect to the argument that the court failed to address

22  the destruction of the debtors' personal belongings, the allegation

23  has been brought to the court's attention a number of times since

24  the trustee removed various items of personal property from the

25  Penryn property to prepare the latter for sale in November 2005.

26  The debtors have submitted the declarations of witnesses to the

27  cleanup of the property (Dkt. No. 452).  They have also previously

28

                              - 7 -

submitted a letter written to the United States trustee (Dkt. No. 555 at 5-7) describing the Penryn cleanup operation and listing items of personal property removed by the trustee in support of their opposition to the sale of the Penryn property.  They also re-submitted these documents as exhibits in support of their motion to remove Smith and Cunningham from the case.  However, the debtors' motion was based on Smith and Cunningham's relationship to Larry Odbert and the C & J Family Trust, not the circumstances of the Penryn property cleanup operation.  As a result, the court was well aware of the debtors' submission of the exhibits, but did not address them in its ruling because the exhibits were not relevant to the facts or legal argument set forth in the debtors' motion.

The court also does not find any manifest injustice in denying the motion to remove Smith and Cunningham from the case.  The court denied the motion because there was no legal merit to the debtors' arguments.  As with all of the debtors' motions, the court took care to consider all of the debtors' arguments and to issue a written ruling that clearly set forth a logical argument supported by legal authority and the facts in the record of the case.

The debtors' repeated submission of evidence and their failure to prevail on any of their arguments in this motion for reconsideration highlight a larger trend in this case, which was filed on January 10, 2005.  Since that time, the litigation in this case has followed a familiar pattern:  whenever the court has entered a ruling adverse to the debtors, whether it is by denying a motion brought by the debtors or granting the motion of another party in interest to this case, the debtors have repeatedly sought

1 to reverse those rulings by filing repeated motions for
2 reconsideration or other motions seeking relief that will
3 effectively undo every decision that is adverse to them.  In some
4 instances they have sought reconsideration of the same order
5 multiple times, or have filed repeated requests for the same
6 relief.  In support of their motions, they often attach copies of
7 prior motions, declarations, and exhibits that they have previously
8 filed and that the court has previously considered.

9       The court does not question the debtors' right to file motions
10 seeking relief such as that requested in the instant motion for
11 reconsideration.  The court only notes that the debtors have
12 frequently been denied the relief they seek because many of their
13 motions simply reargue the same issues again and again.  "Motions
14 for reconsideration that merely revisit the same issues already
15 ruled upon by the bankruptcy court, or advance supporting facts
16 that were otherwise available when the issues were originally
17 briefed, will generally not be granted." In re Branam, 226 B.R.
18 45, 54 (9th Cir. BAP 1998), aff'd, 206 F.3d 1350 (9th Cir.
19 1999)(table).

20       This motion for reconsideration exemplifies the trend
21 described above.  Although the debtors argue that they have
22 identified new controlling legal theories, new evidence, and
23 evidence that the court previously failed to consider, their
24 pleadings contain nothing that the court has not previously
25 considered, and, more importantly, no new evidence that could not
26 have previously been presented and no new legal theories that could
27 not have been previously argued.  Instead, the debtors appear to

28                                   - 9 -

1  view this motion for reconsideration as an opportunity to

2  supplement their original motion with additional facts and legal

3  authority, having had the benefit of time to review the court's

4  ruling denying the motion and to perform additional legal research.

5      A motion for reconsideration is not a vehicle for making a

6  second attempt at the same argument.  It is instead intended to

7  provide the court with new information or to point out a clear

8  error in the court's ruling that leads the court to conclude that

9  the order that is the subject of the reconsideration motion should

10 not have entered.  Thus, in order to prevent a party from using a

11 reconsideration motion as an opportunity to extend litigation,

12 delay a final decision on a matter, or merely revisit issues

13 already considered by the court, the circumstances under which

14 reconsideration is appropriate are limited.  The standard does not

15 permit reconsideration based on evidence that is "new" solely by

16 virtue of the fact that it appears on the record for the first time

17 with the motion for reconsideration or because the moving party

18 chooses to present it for the first time with the motion for

19 reconsideration.  Nor does it permit reconsideration based on

20 recent cases which apply long-standing legal principles to unique

21 factual situations, particularly when those legal principles do not

22 control the case before the court and the facts are

23 distinguishable.  The motion for reconsideration has not been

24 properly used here.

25 //

26 //

27 //

28
                                    - 10 -

CONCLUSION

For the reasons set forth above, the motion is denied.  The court will issue a separate order consistent with the foregoing decision.

Dated:  **JUN 1 1 2007**

THOMAS C. HOLMAN
UNITED STATES BANKRUPTCY JUDGE

- 11 -

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

James M. Kincaid
Estrella A. Kincaid
PO Box 584
Sacramento, CA 95814

James M. Kincaid
Estrella A. Kincaid
PO Box 163733
Sacramento, CA 95816

Susan K. Smith
7485 Rush River Dr.
#710-218
Sacramento, CA 95831

Office of the U.S. Trustee
Robert T Matsui United
States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

J. Russell Cunningham
1830 15th St
Sacramento, CA 95814

**DATED:**  6/13/07

**By:** _Wendy Forke_
               _____
                    **Deputy Clerk**

EDC 3-070 (New 4/21/00)